# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALLACE G. MITCHELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civ. Action No. 15-0101 (RMC)** |
| ) | |
| **WILLIAM SMITH,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

While incarcerated at the District of Columbia Jail pursuant to a writ to appear at a hearing in the Superior Court of the District of Columbia, Wallace G. Mitchell has faced at least two disciplinary actions that have resulted in his confinement to a segregation unit and his loss of good-time credit and all privileges. In this action for a writ of habeas corpus, Mr. Mitchell challenges a decision rendered on December 9, 2014, following a hearing on charges of "inciting a riot, threatening conduct and lack of cooperation within the housing unit of the D.C. Jail."[1] Opp'n to Pet'r's Pet. for Habeas Corpus at 2 [Dkt. 9]. Mr. Mitchell seeks to have the disciplinary report expunged "and all sanctions reversed or . . . a new hearing." Pet. ¶ 15.

In response to the Court's order to show cause why the writ should not issue, D.C. Jail Warden William Smith contends that the petition is moot because Mr. Mitchell prevailed in his administrative appeal of the decision on January 13, 2015, which was after Mr. Mitchell's signing of the instant petition on December 26, 2014, but before its filing on January 21, 2015. Warden Smith has documented that as a result of the appeal, the challenged "disciplinary record .

---

[1] In a separate habeas case, *Mitchell v. Smith*, No. 15-1319, Mr. Mitchell challenges a disciplinary decision rendered on June 29, 2015.

. . was expunged" and Mr. Mitchell "was reclassified in General Population."  Opp'n at 2.

Accordingly, the Court agrees that the instant petition is moot.  *See Patterson v. D.C.*, 965 F.

Supp. 2d 126, 130-31 (D.D.C. 2013) ("A case is moot if . . . (1) interim relief or events have

completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no

reasonable expectation that the alleged wrong will be repeated.").

Even if the petition were not moot, as Mr. Mitchell argues, the record provides no

support for granting the writ.  District of Columbia prisoners are entitled to habeas corpus relief

if they establish that their "custody [is] in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3).  Mr. Mitchell claims due process violations.  But the

record establishes that Mr. Mitchell was provided constitutional due process when he received

notice of the charges against him and a meaningful opportunity to be heard.  *See Stoddard v.*

*Wynn*, 68 F. Supp. 3d 104, 112 (D.D.C. 2014) ("To state a procedural due process claim, a

plaintiff must establish that he had a protected interest in life, liberty, or property . . ., and that

government officials knowingly, and not merely negligently, deprived him of that interest . . .

without notice and an opportunity to be heard 'at a meaningful time and in a meaningful

manner.'") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (other citations omitted)).  In

fact, Mr. Mitchell utilized the available processes and ultimately succeeded in having the "guilty

finding . . . stricken from [his] record and [his] privileges restored."  Dep't of Corrections

Jan. 5, 2015 Mem. [Dkt. 35 at ECF p.8].  Accordingly, the petition for a writ of habeas corpus is

denied.  A separate order accompanies this Memorandum Opinion.


Date:   July 21, 2016                                   _____/s/_____
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge